

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37349-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AARON ATA TOLEAFOA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Aaron Ata Toleafoa appeals his sentence, arguing it was unconstitutionally imposed without proper recognition of his mitigated culpability. We disagree and affirm.

## FACTS

In 2014, Aaron Toleafoa engaged in a crime spree that ended with a near-fatal shooting. He was 15 years old at the time. Mr. Toleafoa was charged with eight felonies and two misdemeanors. The juvenile court declined jurisdiction and Mr. Toleafoa

eventually pleaded guilty to a reduced set of charges, including attempted second degree murder.

Mr. Toleafoa was first sentenced in 2016. He presented a mitigation package and requested an exceptional sentence downward based on youth. The trial court denied that request and imposed a standard range sentence totaling 260 months. The court also imposed restitution. Mr. Toleafoa appealed his term of incarceration and his case was remanded for resentencing pursuant to the intervening decision of *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). *See State v. Toleafoa*, No. 49152-4-II (Wash. Ct. App. Oct. 24, 2017) (unpublished), https://www.courts.wa.gov/opinions/ pdf/D2%2049152-4-II%20Unpublished%20Opinion.pdf.

Resentencing occurred in 2018. In addition to reasserting his arguments based on youth, Mr. Toleafoa presented evidence of his substantial rehabilitation during his time in juvenile custody. Mr. Toleafoa asked the court to impose a sentence that would allow him to be released by age 21 or 25, so that he could avoid being transferred to an adult prison facility.[1] Mr. Toleafoa's attorney noted that restitution was "mandatory." Report of Proceedings (Aug. 10, 2018) at 22. He did not request reconsideration of restitution.

---

[1] Placement at a juvenile rehabilitation facility cannot extend beyond a defendant's twenty-first or twenty-fifth birthday, depending on circumstances. RCW 13.40.300.

The trial court acknowledged Mr. Toleafoa's youth and the progress he had made toward rehabilitation. It determined a mitigated sentence was appropriate. The court imposed a total sentence of 192 months, along with the restitution amounts that had been imposed in 2016.[2] The sentence imposed by the court was 68 months lower than the original term of incarceration, but it would still result in Mr. Toleafoa being in custody past the age of 25.

Mr. Toleafoa brings this timely appeal from that judgment and sentence. His case was administratively transferred from Division Two to Division Three of this court and considered without oral argument.

ANALYSIS

Mr. Toleafoa challenges the constitutionality of the trial court's sentencing procedure. This is the type of issue that can be raised for the first time on appeal. *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006); RAP 2.5(a). Nevertheless, the substance of Mr. Toleafoa's claims fail on the merits.

Because he was under 18 years of age at the time of his offense and determined to have diminished culpability due to youth, Mr. Toleafoa claims he should have been sentenced according to Washington's standards for juvenile court. Mr. Toleafoa

---

[2] The court waived discretionary legal financial obligations.

highlights precedent holding that life without parole sentences designed for adults are

constitutionally excessive for a minor defendant whose "crimes reflect transient

immaturity." *State v. Ramos*, 187 Wn.2d 420, 440, 387 P.3d 650 (2017) (quoting

*Montgomery v. Louisiana*, __U.S.__, 136 S. Ct. 718, 735, 193 L. Ed. 2d 599 (2016)).[3]

From that premise, Mr. Toleafoa extrapolates that *any* adult sentence is presumptively

inappropriate for a minor defendant with mitigated culpability. According to Mr.

Toleafoa, a sentencing court that finds a juvenile defendant's culpability was mitigated by

youth must presumptively resort to sentencing options under the Juvenile Justice Act of

1977 (JJA) chapter 13.40 RCW, not the Sentencing Reform Act of 1981 (SRA), chapter

9.94A RCW, which was designed for adults.

Mr. Toleafoa's attempt to constitutionally transpose juvenile court processes into

adult court runs headlong into long-standing precedent. There is no constitutional right to

adjudication under juvenile court processes. *In re Pers. Restraint of Boot*, 130 Wn.2d 553,

571, 925 P.2d 964 (1996). This is true regardless of a juvenile defendant's reduced

---

[3] In *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018), our Supreme Court held that article I, section 14, of the Washington Constitution is more protective than the United States Constitution and prohibits imposing a sentence of life without parole on a minor defendant, regardless of a finding of reduced culpability. Nevertheless, Mr. Toleafoa does not appear to argue that all minor defendants, regardless of mitigating circumstances, should be sentenced under the Juvenile Justice Act of 1977, chapter 13.40 RCW.

culpability. *State v. Watkins*, 191 Wn.2d 530, 538, 423 P.3d 830 (2018). The right to

proceed under juvenile court provisions is purely a creature of statute. *See id*. at 536, 538.

Once the juvenile jurisdiction is lawfully declined in accordance with applicable

procedures, no further rights exist under the JJA. *Id*. at 538.

Recent decisions setting constitutional guideposts for sentencing juvenile

offenders do not compel a different result. In *Houston-Sconiers*, the Washington Supreme

Court recognized the Eighth Amendment to the United States Constitution requires

judges have maximum flexibility when sentencing juveniles in adult court. 188 Wn.2d at

21. But that flexibility is in reference to the SRA, not the JJA. *See id*. When sentencing a

juvenile defendant in adult court, a sentencing court has "absolute discretion to depart"

below the "otherwise applicable *SRA* ranges" based on the defendant's reduced

culpability. *Id*. at 9 (emphasis added).

Mr. Toleafoa was declined into adult court. He has not challenged this decision.

Accordingly, the JJA no longer governed Mr. Toleafoa's case and the court was not

required to consult it any further.

The only statutory provision governing Mr. Toleafoa's sentencing hearing was the

SRA. Once the court found Mr. Toleafoa's offense was mitigated by transient immaturity,

*Houston-Sconiers* empowered the court to depart downward from the sentencing range

contemplated by the SRA. No further statutory restrictions applied. Consistent with

*Houston-Sconiers*, the court's hands were "not tied" by any state statutes, be they found in

the SRA or the JJA. *Id*. at 9. Once freed from statutory restrictions, the court had multiple

options. It could have followed Mr. Toleafoa's suggestion for a sentence short enough to

avoid transfer to an adult correctional facility; but it was also permitted to settle on a

sentence between the extremes of what would have otherwise applied in juvenile or adult

court. The sentencing court appropriately exercised its discretion. Review on appeal is

therefore unwarranted.

In addition to challenging his term of incarceration, Mr. Toleafoa argues for the

first time on appeal that the trial court's restitution order violated his constitutional right

to be free from excessive punishment. Mr. Toleafoa has not established a basis for relief.

Imposition of restitution turns on the victim's losses, not a defendant's culpability.

RCW 9.94A.753(3). The juvenile sentencing cases cited by Mr. Toleafoa have no bearing

on the trial court's restitution order. Nor, as set forth above, was the trial court required

to consult JJA provisions regarding restitution to insurance companies. *See* RCW

13.40.190(1)(g).

CONCLUSION

The judgment and sentence is affirmed.[4]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Fearing, J.

---

[4] Mr. Toleafoa has filed a statement of additional grounds for review that fails to detail any assignments of error. As such, it will not be reviewed. *See* RAP 10.10(c).